UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. FLORES, | No.  2:20-cv-01162-KJM-CKD PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS ON DEFENDANTS' MOTION TO DISMISS |
| WELLS FARGO BANK, N.A. et al., | |
| Defendants. | (ECF No. 4) |

Presently before the court is defendants'[1] motion to dismiss.  (ECF No. 4.)  Plaintiff has filed an opposition, and defendants have filed a reply.  (ECF Nos. 9, 11.)  Pursuant to Local Rule 230(g) the court vacated the hearing on defendants' motion.  For the reasons that follow, the undersigned recommends granting defendants' motion and dismissing plaintiff's complaint without leave to amend.

BACKGROUND

On March 5, 2007 plaintiff obtained a mortgage loan of $153,750 from World Savings Bank secured by property located in Paradise, California (the "Subject Property").  (ECF No. 1 at ¶ 18.)  World Savings Bank later changed its name to Wachovia Mortgage, which in turn was acquired by Wells Fargo, N.A.  (Id. at ¶¶ 12, 20, 21.)  "At some point" during the term of the

---

[1] Plaintiff named Wells Fargo, N.A. and the Bank of New York Mellon as defendants in this action.  However, the majority of his allegations appear to be centered on Wells Fargo.

1

loan, plaintiff began receiving mortgage statements and requests for payments from Wells Fargo Home Mortgage, which he paid. (Id. ¶ 23.) In November 2018, the Subject Property was destroyed by a forest fire. (Id. at ¶ 24.) In February 2019, plaintiff received insurance proceeds as a result of the fire, which he transferred to Wells Fargo in satisfaction of the note and mortgage. (Id. at ¶ 25.)

Plaintiff alleges that prior to Wells Fargo merging with Wachovia Mortgage, plaintiff's loan was transferred to the "World Savings Mortgage Pass-Through Certificates Series 30 Trust." (Id. at ¶ 31.) Plaintiff contends that Wells Fargo is not the true beneficiary under the loan, and that "any assignment of a Mortgage/Deed of Trust without proper transfer in an ordinary course of business of the Tangible Note that it secures is a legal nullity by operation of law." (Id. at ¶ 45.) Plaintiff makes similar arguments that the security interest in the Subject Property was not perfected, that there was no "true sale of plaintiff's tangible note," and that the transfer was not "duly indorsed." (Id. at ¶¶ 38, 39, 42.) As a result of these deficiencies, plaintiff asserts that Wells Fargo "improperly and illegally collected payments from Plaintiff on the Property including a payoff as a result of the fire, which they were not entitled to collect." (Id. at ¶ 54.)

LEGAL STANDARDS

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.

at 678.

A motion to dismiss pursuant to Rule 12(b)(6) may also challenge a complaint's compliance with Federal Rule of Civil Procedure 9(b) where fraud is an essential element of a claim.  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).  Rule 9(b), which provides a heightened pleading standard, states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  These circumstances include the "'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'"  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)); see also Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.").  "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  Kearns, 567 F.3d at 1124.

In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007).

JUDICIAL NOTICE

Defendants request judicial notice of five government documents evincing World Savings Bank, FSB changed its name to Wachovia Mortgage, FSB, and later merged with Wells Fargo, N.A., and one document demonstrating that plaintiff's loan was modified on August 20, 2013. (ECF No. 5.)

Generally, a court may not consider items outside the pleadings when deciding a motion to dismiss, but it may consider items of which it can take judicial notice without converting the motion to dismiss into a motion for summary judgment.  United States v. Ritchie, 342 F.3d 903,

3

908 (9th Cir. 2003).  A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

Regarding the five government documents, this court, and other federal courts, have taken judicial notice of the same, or substantially similar, documents.  See Ferguson v. Wells Fargo Bank, N.A., WL 504709, at *2 (E.D. Cal. Feb. 8, 2013) (collecting cases).  As to the loan modification agreement, plaintiff himself attached the original loan to his complaint and admits in his opposition that he signed the modification agreement.  (ECF No. 9 at 9 ("Plaintiff indeed signed a Loan Modification Agreement in 2013.").)  The court therefore finds that the accuracy of the modification agreement cannot reasonably be questioned.  Accordingly, defendants' request for judicial notice is GRANTED.

DISCUSSION

Plaintiff's complaint lists four causes of action: fraudulent misrepresentation, violations of the Fair Debt Collection Practices Act, intentional infliction of emotional distress, and a request for declaratory relief.  The court will address these counts in turn.

Fraudulent Misrepresentation

The elements of fraudulent misrepresentation under California law are: "(1) misrepresentation by way of a false representation, concealment or non-disclosure; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage." Green Hills Software, Inc. v. Safeguard Scis. & SPC Private Equity Partners, 33 F. App'x 893, 895 (9th Cir. 2002) (quoting Molko v. Holy Spirit Assn., 46 Cal.3d 1092, 1108 (1988))

As the basis of plaintiff's fraudulent misrepresentation claim, and generally germane to all of plaintiff's claims, he alleges that Wells Fargo misrepresented that it was a beneficiary under the loan.  (ECF 1 at ¶ 61 ("Defendant [Wells Fargo] represented that it was/is the legal holder of the indebtedness and had the right to collect on the loan and in fact collected dollars from Plaintiff and a payoff from Plaintiff when the home on the Property was destroyed by fire.").)  Therefore, if Wells Fargo did in fact have rights under the loan, the representation would not be false and

plaintiff's claim for fraudulent misrepresentation would be foreclosed.

As plaintiff notes in his complaint, the original lender for his loan was World Savings Bank, which later changed its name to Wachovia Mortgage, which in turn was acquired by Wells Fargo, N.A. (ECF No. 1 at ¶¶ 12, 20, 21.) Additionally, pursuant to the documents signed by plaintiff and attached to his complaint, plaintiff was bound to World Savings Bank "ITS SUCCESSORS AND/OR ASSIGNEES." (ECF No. 1 at 21, 28.) Despite plaintiff admitting that Wells Fargo is the successor to World Savings Bank, he alleges that Wells Fargo had no rights under the loan. In support of plaintiff's theory, he alleges that the subject loan was transferred to a securitized trust in 2007, and that Wells Fargo is not entitled to any beneficial interest under the loan. (See ECF No. 1 at ¶ 17 ("Plaintiff disputes the title and ownership of the Note and Mortgage on the Property . . . in that the originating mortgage lender, and others alleged to claim ownership of Plaintiff's Promissory Note and/or Mortgage, have unlawfully sold, assigned and/or transferred their ownership and security interest.").) As further evidence of this theory, plaintiff attaches an affidavit from Joseph R. Esquivel, Jr., a private investigator and purported loan securitization expert, who opines that "the Anthony R Flores Loan is still in the World Savings Mortgage Pass-Through Certificates Series 30 Trust." (ECF No. 1 at 49.)

The court in Hammons v. Wells Fargo Bank, N.A., addressed a nearly identical argument involving the same parties—Wells Fargo and World Savings. There, the court held:

> Hammons argues Wells Fargo lacked the ability to foreclose simply because he has never seen evidence showing his loan was transferred from World Savings. Even assuming that is true, the deed of trust—which Hammons attached to his complaint—establishes as a factual matter that his argument lacks merit. The deed of trust identifies "World Savings Bank, FSB, its successors and/or assignees" as the lender and beneficiary. The note similarly identifies "World Savings Bank, FSB, a federal savings bank, its successors and/or assignees, or anyone to whom this Note is transferred" as the lender. Wells Fargo is the successor-in-interest to World Savings. Thus, even accepting Hammons' theory, Wells Fargo would possess the contractual right to enforce the note and deed of trust.

Hammons v. Wells Fargo Bank, N.A., 2015 WL 9258092, at *5 (N.D. Cal. Dec. 18, 2015) (cleaned up). In Hammons, as here, plaintiff's own complaint as well as the documents he signed and attached to his complaint, demonstrate that Wells Fargo, as the successor of World Savings,

was a beneficiary to the disputed loan.  Additionally, plaintiff modified his loan with Wells Fargo in 2013 and voluntarily provided Wells Fargo with the payoff funds in 2019, further evidence that plaintiff knew that Wells Fargo was the successor-in-interest to World Savings.  Wells Fargo was therefore entitled to the insurance proceeds, and plaintiff's alleged securitization theory is not viable in the present action.  Plaintiff has failed to establish that defendants misrepresented anything, and his own complaint evinces the opposite.  Accordingly, plaintiff's claim of fraudulent misrepresentation is subject to dismissal.

<u>Fair Debt Collections Practices Act</u>

Plaintiff next alleges that Wells Fargo violated the Fair Debt Collection Practices Act ("FDCPA") by "misstating the amount and legal status of" the debt. (ECF No. 1 at ¶ 73.)

Congress passed the FDCPA in 1977 with the stated purposes of eliminating "abusive debt collection practices," ensuring "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged," and promoting "consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  In furtherance of these purposes, the FDCPA bans a variety of debt-collection practices and allows individuals to sue offending debt collectors.

"Debt collector" as used in the FDCPA

> means any person who uses any instrumentality of interstate commerce or the mails in any *business the principal purpose of which is the collection of any debts*, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted *to be owed or due another*.

15 U.S.C. § 1692(a)(6) (emphasis added).

Courts have consistently held that creditors, even assignees from the original creditor, are not "debt collectors" under the FDCPA.  <u>Schlegel v. Wells Fargo Bank, NA</u>, 720 F.3d 1204, 1209 (9th Cir. 2013) (affirming dismissal, in part, because plaintiff's "complaint makes no factual allegations from which we could plausibly infer that Wells Fargo regularly collects debts owed to someone other than Wells Fargo"); <u>De Dios v. Int'l Realty & Investments</u>, 641 F.3d 1071, 1074 (9th Cir. 2011) ("[T]he person who originated the debt, such as a creditor to whom the debt was

1 originally owed, is not considered a debt collector"); Rowe v. Educ. Credit Mgmt. Corp., 559
2 F.3d 1028, 1031 (9th Cir. 2009) ("[A] 'creditor' is not a 'debt collector' under the FDCPA.").

As discussed above, the deed of trust gave World Savings and its successors-in-interest a security interest in the property. The 2013 modification reaffirms that Wells Fargo was the rightful beneficiary under the deed. Therefore, Wells Fargo is not a "debt collector" under the FDCPA, as it was a creditor under the agreement. Accordingly, plaintiff's claim against Wells Fargo premised on the FDCPA fails to state a claim and should therefore be dismissed.

<u>Intentional infliction of emotional distress</u>

The elements of intentional infliction of emotional distress are "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct." Simo v. Union of Needletrades, Indus. & Textile Employees, Sw. Dist. Council, 322 F.3d 602, 621–22 (9th Cir. 2003) (quoting Christensen v. Superior Court, 54 Cal.3d 868, 903 (1991).

However, "[a]n assertion of legal rights in pursuit of one's own economic interests does not qualify as 'outrageous' under this standard." Yu v. Signet Bank/Virginia, 69 Cal. App. 4th 1377, 1398 (1999). Similarly, "an action for intentional infliction of emotional distress exists only where the defendant's conduct was not privileged. The assertion of an economic interest in good faith is privileged." Girard v. Ball, 125 Cal. App. 3d 772, 786-787 (1981).

Here, as discussed above, Wells Fargo was the proper beneficiary under the loan. Its acceptance of the mortgage payments and payoff funds, to which Wells Fargo was contractually entitled, does not qualify as "outrageous" conduct, as Wells Fargo was simply asserting its legal rights in good faith. Accordingly, plaintiff's claim for intentional infliction of emotional distress is subject to dismissal.

<u>Declaratory relief</u>

Finally, plaintiff requests declaratory relief to determine the parties' rights to the subject property. (ECF No. 1 ¶ 93.) However, this claim is derivative of plaintiff's claim for fraudulent

misrepresentation and plaintiff's loan securitization theory, which was rejected above. Accordingly, plaintiff's request for declaratory relief must fail.

<u>Leave to amend</u>

Having found that plaintiff's complaint should be dismissed, the court must consider whether plaintiff should be allowed to amend his complaint. See <u>Polich v. Burlington N., Inc.</u>, 942 F.2d 1467, 1472 (9th Cir. 1991) (holding that dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by further amendment). Given that plaintiff's complaint is premised on an invalid securitization theory and an incorrect interpretation of the FDCPA, the undersigned finds that leave to amend would be futile and therefore recommends dismissing plaintiff's complaint without leave to amend.

<u>CONCLUSION</u>

For the reasons above, the undersigned recommends dismissing plaintiff's complaint in its entirety, without leave to amend.

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 4) be GRANTED.

2. Plaintiff's complaint be DISMISSED, without leave to amend.

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 29, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.1162.F&R